## Furman & Furman, Inc., v. Loose et al.

*High, Swartz, Flynn & Roberts*, for plaintiff.
*Donald A. Gallagher*, for defendants.

FORREST, J., December 30, 1949.—This is a proceeding under a scire facias sur mortgage wherein plaintiff is the mortgagee and defendants are the mortgagors and real owners. Defendants filed an affidavit of defense in lieu of a demurrer on the basis that the statement of plaintiff's claim failed to state a cause of action. In its statement of claim plaintiff claims that the whole principal debt became due by reason of defendants' refusal to accept a refinancing plan set up by plaintiff. Plaintiff alleges that this refusal is in violation of a typewritten paragraph in the mortgage, which provides as follows:

"It is further understood and agreed that if the Mortgagee its successors or assigns at any time hereafter can obtain for the Mortgagors a Mortgage or Mortgages to refinance the balance due on this Mort-

gage or any other Mortgages prior in lien to this mortgage that the Mortgagors will execute any and all instruments to effect such refinancing provided that they the Mortgagors shall not bear any expenses as to any new Title Insurance-Recording Fees-Notary Fees and conveyancing charges as to the new transfer or transfers."

It should be noted that this paragraph did not provide that the principal debt became due if a default were made in its provisions and neither did the default clause mention this paragraph, nor did it include its obligation.

The mortgage will not be set forth verbatim; suffice it to say that it was written on a no. 481 Yeo & Lukens form. As is usually the case, it provides for an acceleration of the payment of the principal debt upon (1) default in payment of "monthly instalments", (2) default in payment of interest, (3) default in production of receipts for insurance payments, taxes, water rents and sewer rents and (4) default of maintenance of insurance. By not including the refusal to refinance as a default, the mortgage certainly excluded it and further the compliance clause provided that if the four obligations above mentioned, i.e. as to (1) "monthly instalments" (2) interest (3) receipts and (4) insurance, were complied with "then, and from thenceforth, as well *this present Indenture, and the estate hereby granted, as the said recited Obligation shall cease, determine and become void, anything hereinbefore contained to the contrary thereof in anywise notwithstanding*." (Italics supplied.)

There is no allegation of a default of any of the four above-recited obligations. Accordingly, there is no acceleration of the payment of the principal debt and, therefore, no legal cause of action alleged.

And now, December 30, 1949, the demurrer is sustained and judgment is here entered for defendants.